JOSEFINA CEDILLOS v. THE STATE.

No. 23981. Delivered March 31, 1948.

460

*Fryer & Milstead,* of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft from the person and given a term of two years in the state penitentiary.

The State's testimony shows that three police officers of the City of El Paso were detailed on what was called the "pickpocket squad", and as such they took time about in watching the crowd which boarded the street cars and buses on a certain street therein. It seems that they had appellant under surveillance and saw her move forward two or three times with the crowd of people boarding such public conveyances, and each time she failed to board the same. The officers detailed for such watching finally saw her take a billfold out of the pocket of a man who was boarding a bus. He arrested her and while escorting her to the police car, he heard something fall. He stopped and picked up a billfold which was afterwards shown to belong to one, Pedro Cardona, and upon inspection, same was shown to contain three $20.00 bills, one $10.00 bill, and three $1.00 bills,

or $73.00 in all. The officers then took appellant in their car and overtook the bus. Upon stopping and entering the bus, they in quired if anyone therein had lost a billfold, and Pedro Cardona immediately found his billfold gone. After giving a description of its contents, he identified the one picked up by the officers as his property.

Appellant denied that she took this billfold, and testified that she was a nurse; that she lived in Juarez, Mexico; that she was in Texas on business. She explained to the jury the presence of other billfolds found in her purse.

Bill of Exceptions No. 1 relates to an objection upon the part of appellant to the question propounded to John Dennis, one of the police officers, wherein the State asked him if he was a member of the police pick-pocket squad, to which question he answered that he was such. We have no further matters shown in the bill, and as presented, we think no error is shown.

Bill No. 2 relates to a question propounded to the same witness as to whom he was looking for at the time he went to the corner that the officers were watching. His answer was that they "were looking for a party whom he had a description of who was going over to the street cars and coming back." The bill shows no further surroundings, and no statement as to who such party was, or how such answer affected appellant in any way, but merely evidences an objection because same was immaterial and prejudicial. We overrule this bill.

Bill No. 3 objects to the witness, Charlie Ward, the officer testifying that he saw appellant take something from a man's pocket, wherein he also testified that after he arrested appellant and had her by the arm and had gone some ten or fifteen feet, he heard something hit the pavement; that he stopped and looked down, and right between her legs he found a brown wallet that apparently had come from this appellant, and he identified the wallet in court. The particular statement objected to was "that apparently had come from the defendant." We are of the opinion that this statement was a shorthand rendition of the facts and was fairly deducible from the surrounding facts and circumstances.

Bill No. 4 complains of the argument of State's counsel wherein he said:

"The defendant is a Juarez Mexican—she is a resident of a foreign country and she lives in Juarez, Mexico."

This remark was objected to as inflammatory and improper. The trial court qualified the bill by the statement that the argument complained of was followed by the State's Attorney in further saying:

"The street car defendant testified she intended to board did not go in the direction of Juarez, but in an entirely different direction."

We fail to see anything improper in the statement complained of. Appellant testified herself that she lived in Juarez and had lived there twenty-five years. Other witnesses testified to practically the same thing.

Bill No. 5 is based on an objection to certain remarks by the State's Attorney in his argument wherein he said:

"This was not done on the spur of the moment—it was only after considerable schooling that these things are done—that means she has had long experience in these matters."

The trial court qualified this bill by showing that the complained-of remarks of the State's Attorney were preceded by a statement that the evidence showed that "Cardona's pocket was picked in such an expert manner that he did not even know his pocket had been picked." We think this was a fair comment on the testimony present herein.

There being no further bills in the record and no error shown herein, the judgment of the trial court is affirmed.